# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| DANNY T.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 23 C 15008 |
| v. | ) | |
| | ) | Magistrate Judge |
| MARTIN J. O'MALLEY, | ) | Maria Valdez |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Danny T.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 20] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 23] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

## BACKGROUND

### I.    PROCEDURAL HISTORY

On October 15, 2014, Plaintiff filed a claim for DIB, alleging disability since December 4, 2013. Plaintiff's claim was denied throughout the administrative stages, after which he timely appealed to this Court. Pursuant to an agreed motion, the Court then remanded the matter on January 31, 2019. Plaintiff's claim was again denied at the administrative level, and he again appealed to this Court. On January 31, 2022, the Court remanded the matter for further proceedings. A telephonic remand hearing before an Administrative Law Judge ("ALJ") was held on November 3, 2022, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On November 28, 2022, the ALJ again denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's November 28, 2022 decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II.     ALJ DECISION

In the ALJ's November 28, 2022 decision, Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of December 4, 2013 through September 12, 2018. At step two, the ALJ concluded that Plaintiff had the following severe impairments: lumbar degenerative disc disease and spinal stenosis, with residual mild degenerative disc disease; degenerative joint disease of the right shoulder; left shoulder degenerative joint disease; right and left knee arthropathy; and obesity. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: standing/walking 2 hours and sitting 6 hours out of an 8-hour workday; occasional reaching overhead on the left; frequent reaching overhead on the right; frequent reaching in all other directions bilaterally; frequent handling and fingering bilaterally; occasional climbing of ramps and stairs; no climbing ladders, ropes, or scaffolds; occasional balancing, stooping, kneeling, and crouching; no crawling; and avoid exposure to unprotected heights, moving mechanical parts, and vibration. At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a construction laborer. However, at step five, based upon the VE's

testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff could perform jobs existing in significant numbers in the national economy, leading to a finding that he was not disabled under the Social Security Act from December 4, 2013 through September 12, 2018.

## DISCUSSION

### I.     ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the

burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.    JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-

54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## III.  ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ erred in rejecting Plaintiff's alleged need to lie down during the day to relieve pain and in failing to explain how she considered the aggregate effects of Plaintiff's impairments, including his obesity; and (2) the ALJ otherwise erred in evaluating Plaintiff's subjective allegations.

In advancing his second argument, Plaintiff contends, *inter alia*, that the ALJ did not properly evaluate his activities of daily living in relation to his alleged symptoms. (Pl.'s Br. at 9-11.) Pertinent to that argument, in her decision, the entirety of the ALJ's analysis of Plaintiff's daily activities was as follows:

> [T]he claimant, on his early 2015 adult function report, further endorsed the ability to do activities, wholly inconsistent with debilitating knee or shoulder pain, including maintaining self-care, making simple meals, doing laundry, driving, and making small grocery shopping trips.

(R. 2117.) At the same time, the ALJ acknowledged Plaintiff's alleged difficulties with daily activities, noting that Plaintiff reportedly "needed assistance dressing" did "not do much around the house because he is in pain." (R. 2114-15.) The ALJ further noted that Plaintiff reportedly had "difficulty getting in and out of bed, including to use the restroom" and his wife "had to help him in and out of bed." (*Id.* at 2115.)

With respect to an ALJ's assessment of a claimant's alleged symptoms, this Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). However, in assessing a claimant's alleged symptoms, an ALJ "is required to evaluate a claimant's activities of daily living and explain why the claimant's activities are inconsistent with her description of her symptoms." *Michelle M. L. v. Kijakazi*, No. 20 C 6793, 2022 WL 3297619, at *11 (N.D. Ill. Aug. 11, 2022) (citations omitted). The ALJ must specifically "explain the 'inconsistencies' between [a claimant's] activities of daily living . . . complaints of pain, and the medical evidence." *Charles B. v. Saul*, No. 19

7

C 1980, 2020 WL 6134986, at *12 (N.D. Ill. Oct. 19, 2020) (citation omitted).

Furthermore, "[a]n ALJ is required to consider the limitations in how a claimant performs daily activities." *Heidi R. v. Saul*, No. 18 CV 8534, 2019 WL 13209274, at *4 (N.D. Ill. Oct. 11, 2019).

Here, the Court agrees with Plaintiff that the ALJ's symptom assessment vis-à-vis Plaintiff's activities of daily living was deficient. As an initial matter, despite the fact that Plaintiff's primary allegations of disability stem from his reported debilitating back pain, as set forth above, the ALJ only mentioned Plaintiff's daily activities in relation to Plaintiff's knee and shoulder impairments.[2] Moreover, and in any event, Plaintiff is correct that the ALJ erroneously failed to "explain[] how any specific activity of daily living contradicted any specific allegation." (Pl.'s Br. at 9-10.) Along those lines, the ALJ did not adequately explain how, for instance, Plaintiff's ability to prepare simple meals contradicted Plaintiff's allegations of disabling pain. *See Charles B.*, 2020 WL 6134986 at *12 ("The ALJ here did not explain how Charles's having custody of his kids, feeding his dog, shopping for groceries, or talking to others daily was inconsistent with his claims of having severe chest pain, swelling and pain in his left leg, and depression."); *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009) ("Although [the ALJ] briefly described

---

[2] Related to Plaintiff's back pain, Defendant argues that the ALJ did not err with respect to Plaintiff's daily activities because "the ALJ relied on other regulatory factors in finding plaintiff's back impairment not as limiting as alleged." (Def.'s Memo. at 11.) The Court finds that argument unavailing. SSR 16-3p does contemplate that "[i]f there is no information in the evidence of record regarding one of the factors, [the SSA] will not discuss that specific factor in the determination." This caveat is not applicable here because there was evidence in the record regarding Plaintiff's daily activities and related difficulties stemming from his back condition.

Villano's testimony about her daily activities, he did not, for example, explain whether Villano's activities were consistent or inconsistent with the pain and limitations she claimed."). The ALJ also erred in failing to sufficiently account for the difficulties Plaintiff experienced in performing daily activities. Though the ALJ noted evidence concerning Plaintiff's alleged problems, the ALJ neglected to actually analyze those reported difficulties. *See Charles S. v. Berryhill*, No. 17 C 7438, 2019 WL 764059, at *6 (N.D. Ill. Feb. 21, 2019) ("The ALJ also did not properly account for the difficulty Plaintiff had in performing many of the listed daily activities. . . . The ALJ improperly disregarded these limitations (and any other limitations) in assessing Plaintiff's ability to perform daily activities."); *Diane P. v. Saul*, No. 19 C 0782, 2020 WL 4053780, at *9 (N.D. Ill. July 20, 2020) ("[T]he Court has no way to know what conclusion (if any) the ALJ reached regarding Plaintiff's continued problems with activities of daily living.").

Ultimately, the ALJ's failure to adequately account for Plaintiff's daily activities and related difficulties requires that this matter be remanded. *See Latanza B. v. Comm'r of Soc. Sec.*, No. 22 C 6353, 2023 WL 3886110, at *3 (N.D. Ill. June 8, 2023) (finding remand necessary where "the ALJ did not reckon with Plaintiff's statements that although she can perform daily activities, she sometimes cannot complete them or has difficulty due to feeling depressed or overwhelmed"); *Steven L. v. Saul*, No. 19-CV-6047, 2021 WL 1531603, at *4 (N.D. Ill. Apr. 19, 2021) ("On remand, the ALJ should more fully analyze Plaintiff's activities of daily living and whether they are in fact inconsistent with his disability claim, taking care to

9

explain how his daily activities truly (or not) equates to the ability to perform work at a level necessary for competitive employment."); *Pearline P. v. Saul*, No. 17 C 8996, 2020 WL 370187, at *8 (N.D. Ill. Jan. 22, 2020) ("On remand, the ALJ should . . . provide a sufficient explanation about how his assessment of Claimant's activities of daily living inform his ultimate decision as to what level of work, if any, Claimant is capable of performing.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's asserted need to lie down is properly considered, the combined effects of Plaintiff's impairments are appropriately assessed, and Plaintiff's subjective allegations are properly evaluated.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 20] is granted in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 23] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                                   **ENTERED:**

**DATE:**    **September 12, 2024**         _____
                                              **HON. MARIA VALDEZ**
                                              **United States Magistrate Judge**